IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARLOS C. HERNANDEZ #1747746 | § | |
| | § | |
| V. | § | A-13-CA-089-SS |
| | § | |
| KENNETHA TISDALE, PAROLE DIV. | § | |
| REP. BUZA, JOHNNY RERES, | § | |
| and RISSIE OWENS | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Stiles Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. In his original complaint Plaintiff sues Kennetha Tisdale of the Texas Board of Pardons and Paroles, Parole Division Representative Buza, Program Specialist Johnny Reres, Board of Pardons and Paroles Chairperson Rissie Owens, Sexual Assault Counselor Barrs, and Parole Officer Bryan Sills. Plaintiff filed his complaint in the Houston Division of the Southern District of Texas. The Houston court severed Plaintiff's claims against Defendants Barrs and Sills from Plaintiff's remaining claims. The

Houston court retained Plaintiff's claims against Defendants Barrs and Sills and transferred the remaining claims to this Court. After consideration of the complaint, the Court ordered Plaintiff to file a more definite statement.

According to Plaintiff, he pleaded guilty in three criminal cases for burglary of a habitation committed on October 16, 1989, attempted sexual assault committed on October 20, 1989, and burglary of a habitation committed on October 19, 1990. On December 18, 1990, Plaintiff received a twenty-year sentence, a ten-year sentence, and a twenty-year sentence, respectively. According to Plaintiff, the ten-year sentence was ordered to run consecutively to the twenty-year sentences for a cumulative sentence of thirty years. Plaintiff alleges he was paroled on his two twenty-year sentences on December 1, 2005. At that time, he started his ten-year sentence. He claims he reached a "firm mandatory supervision" release date on December 1, 2009. Plaintiff claims instead of being released on December 1, 2009, he was sent to the Goree Unit for a sexual behavior evaluation. He was eventually released on December 14, 2009, and then placed on parole for six years.[1] Plaintiff complains he was stripped of his good-time credits for no reason and appears to argue he had discharged his entire sentence by way of a "short-way discharge." Plaintiff contends he should never have been required to be on parole. Furthermore, Plaintiff complains, as a condition of his parole, he was required to register as a sex offender even though he was not convicted until December 18, 1990. Plaintiff states he has the right to claim the "Grandfather's Clause" and argues the crime of attempted sexual assault was not a reportable conviction until 2005, long after he had committed his crime. Plaintiff seeks monetary damages to compensate him for the fees he had to pay for sexual

---

[1] Plaintiff did not remain on parole for long. On October 21, 2010, Plaintiff committed an aggravated assault in Austin County and on November 2, 2011, was sentenced to a 90-year sentence.

counseling and parole supervision and for the time he contends he wasted during counseling and appointments with his parole officer. In addition, Plaintiff requests damages for his emotional injuries.

## DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B. <u>Eleventh Amendment Immunity</u>

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. <u>Pennhurst State School Hosp. v. Halderman</u>, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. <u>Port Auth. Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an

indirect pleading remains in essence a claim upon the state treasury. <u>Green v. State Bar of Texas</u>, 27 F.3d 1083, 1087 (5th Cir. 1994).

    C.    <u>Statute of Limitations</u>

Plaintiff's claims against the defendants in their individual capacities are time-barred. There is no federal statute of limitations for § 1983 actions. <u>Piotrowski v. City of Houston</u>, 51 F.3d 512, 514 n.5 (5th Cir. 1995); <u>Henson-El v. Rogers</u>, 923 F.2d 51, 52 (5th Cir. 1991), <u>cert. denied</u>, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989). In Texas, the applicable limitations period is two years. <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. <u>Piotrowski</u>, 51 F.3d at 516.

Plaintiff's causes of action accrued no later than December 15, 2009, when he was released on parole. Plaintiff did not execute his civil rights complaint until November 6, 2012, nearly a year after the limitations period had expired. Accordingly, Plaintiff's claims are time-barred.

    D.    <u>Merits</u>

In addition to being time-barred, Plaintiff's claims are without merit. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of the Neb. Penal & Correctional Complex</u>, 442 U.S. 1, 7 (1979). It is entirely speculative, moreover, whether an inmate will actually obtain parole, inasmuch as there is no right to be released on parole. See <u>Allison v. Kyle</u>, 66 F.3d 71, 74

(5th Cir. 1995); Creel v. Keene, 928 F.2d 707, 712 (5th Cir. 1991). State prisoners in Texas simply "have no protected liberty interest in parole." Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997).

Contrary to Plaintiff's arguments, any good or work time Plaintiff accrued did not work to discharge any part of his 20-year or 10-year sentences. A Texas inmate cannot compute his sentence by adding good and work time credits to the time he has actually served (flat time)–this calculation merely reflects when he is eligible for mandatory supervision or parole, not that he is absolutely entitled to immediate release. Vest v. Dretke, No. 4:04-CV-174-Y, 2004 WL 1490104, at *2 (N.D. Tex. July 2, 2004), adopted, 2004 WL 1698838 (N.D. Tex. July 28, 2004); Cordova v. Johnson, No. 3:00-CV-1622-P, 2001 WL 493179, at *3 (N.D. Tex. May 8, 2001), adopted, 2001 WL 640792 (N.D. Tex. June 8, 2001).

In addition, the Supreme Court has also rejected arguments concerning the restrictive conditions of supervised release imposed on sex offenders, holding that sex-offender conditions of parole or mandatory supervision do not violate the Ex Post Facto Clause. See Smith v. Doe, 538 U.S. 84, 103–04 (2003). As the Fifth Circuit has explained, the restrictions typically imposed in Texas do not violate the Ex Post Facto Clause because the sex offender conditions of parole are not intended to be punitive and serve important non-punitive goals. Rieck v. Cockrell, 321 F.3d 487, 488 (5th Cir. 2003) (upholding the requirement that a parolee participate in a sex offender counseling program); see also Creekmore v. Attorney General of Texas, 341 F. Supp. 2d 648, 662–63 (E.D. Tex. 2004) (holding the Texas sex offender statute is non-punitive and does not pose an ex post facto violation); Rodriguez v. State, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (explaining that the state sex offender registration statute poses no ex post facto violation because there is no evidence of

punitive intent in the legislative history). Thus, Plaintiff fails to articulate a violation of the <u>Ex Post Facto</u> Clause or show that officials have violated his constitutional rights by requiring him to register as a sex offender as a condition of his parole.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's claims brought against the defendants in their official capacities be dismissed without prejudice for want of jurisdiction and Plaintiff's remaining claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of

an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of March, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE